## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
———
(302) 658-9200
(302) 658-3989 FAX

**Jennifer Ying**
(302) 351-9243
(302) 225-2570 FAX
jying@morrisnichols.com

April 3, 2024

The Honorable Jennifer Choe-Groves                                          *VIA ELECTRONIC FILING*
United States Court of International Trade
One Federal Plaza
New York, NY 10278-0001

      Re:    *Staton Techiya, LLC v. Harman Int'l Indus., Inc.*,
             C.A. No. 23-801 (JCG) (D. Del.)

Dear Judge Choe-Groves:

      Defendant Harman International Industries, Inc. ("Harman") writes in connection with the oral argument scheduled for April 10, 2024 at 1:00 p.m. on Harman's motion to dismiss.  *See* D.I. 34.

      Harman has moved to dismiss Plaintiff's allegations concerning U.S. Patent No. 11,589,329 ("the '329 Patent") because, *inter alia,* the claims of the '329 Patent are not directed to patent-eligible subject matter under 35 U.S.C. § 101.  *See* D.I. 14.  Specifically, in response to Plaintiff's argument in its opposition that the "claims are directed to a distributed network architecture" (D.I. 27 at 2), Harman argued in reply that "the claims do not recite a 'a distributed network architecture.'" D.I. 32 at 1.  At the April 10 hearing, Harman may rely upon U.S. Patent Nos. 10,045,321; 10,602,474; and 10,986,604, which are family members of the '329 Patent, as well as excerpts from the prosecution history of the '329 Patent to further support this argument.  Copies of the additional patents and prosecution history excerpt are attached as Exhibits A through D, respectively.

      Harman has notified counsel for Plaintiff of its intent to rely on these materials at the upcoming April 10 hearing, and Plaintiff's counsel has informed Harman that it objects to the use of this evidence, because it believes this information constitutes a new argument.  Harman respectfully submits that the Court may take judicial notice of the above-listed patents and '329 prosecution history as further evidence supporting Harman's arguments in its briefing, given that these are "public record[s]." *See Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*, 72 F. Supp. 3d 521, 526 (D. Del. 2014), *aff'd sub nom. Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369 (Fed. Cir. 2016).

The Honorable Jennifer Choe-Groves
April 3, 2024
Page 2

       Counsel is available should the Court have any questions.

                                   Respectfully,

                                   */s/ Jennifer Ying*

                                   Jennifer Ying (#5550)

JY/lo
Enclosure
cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)